UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02226-SEB-TAB |
| | ) | |
| NASH Officer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO COMPEL**

Plaintiff Michael Hale filed a motion seeking to compel Defendants Officer Nash and Sergeant Gilbert to produce additional materials in response to subpoenas. [Filing No. 84.] Defendants argue that a non-party, Warden Mark Sevier, responded to Hale's subpoenas and produced all available responsive documentation and materials. [Filing No. 85.]

Hale's motion to compel and Defendants' response are vague as to the exact materials requested; whether Hale issued subpoenas to Defendants or non-parties; and what materials Defendants and/or non-parties have produced to Hale. Notably, Hale's reply suggests that Defendants have produced video footage of the October 10, 2023, altercation between the parties that gave rise to Hale's Eighth Amendment claims against Defendants—the only cause of action before this Court. [Filing No. 89, at ¶¶ 1-2.][1]

Under Fed. R. Civ. Pro. 26(b)(1), all discovery must be relevant to a party's claim or defense and proportional to the needs of the case. The motion to compel improperly seeks materials pertaining to claims previously dismissed or severed and, therefore, irrelevant to the claims at issue

---

[1] The reply raises additional grievances not raised in the motion to compel, which are therefore not properly before the Court.

in this action. Pursuant to the screening order [Filing No. 13], the only claims before this Court are the Eighth Amendment excessive force claims against Defendants related to the October 11, 2023, altercation. The screening order dismissed or severed all other claims in Hale's complaint. To the extent that the motion to compel seeks materials pertaining to dismissed or severed claims, Hale's request is improper. Such improper requests include: (1) the requested footage pertaining to an alleged November 25, 2023, incident involving non-parties Sergeant Martin and Officer Martinez [Filing No. 84, ¶ 5], and (2) the requested protected custody records from IDOC [Filing No. 84, ¶ 6]. Those requests pertain to claims not at issue in this action. Accordingly, the motion to compel is denied to the extent it asks for documents pertaining to claims previously dismissed or severed from this action.

At times, the motion to compel appears to seek from Defendants documentation from third-party sources, such as personal cell phone footage of the parties allegedly taken by non-party Officer Thomas on October 11, 2023 [Filing No. 84, ¶ 3], and Hale's medical records from non-party Centurion Health Services. [Filing No. 84, ¶¶ 6-7.] Defendants cannot produce what they do not have. However, the Court declines to presume whether Defendants have possession or control of materials allegedly in the possession of a past or current co-worker (Officer Thomas) or a medical services contractor (Centurion). Accordingly, the motion to compel is granted to the extent that, within 14 days of the date of this order, Defendants shall: (1) conduct a good faith search for the requested cell phone footage and Centurion records and produce any responsive materials in their possession, custody, or control, if they have not done so already; and (2) file a statement with the Court confirming that they have done so.

Therefore, Hale's motion to compel [Filing No. 84.] is granted in part and denied in part to the extent stated above.

Date: 3/28/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL HALE
884687
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810