UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02226-SEB-TAB |
| | ) | |
| NASH, | ) | |
| GILBERT, | ) | |
| BROWN, | ) | |
| THOMAS, | ) | |
| HOLLY DENMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motions for Summary Judgment
and Directing Further Proceedings**

Plaintiff Michael Hale is currently incarcerated at Westville Correctional Facility. On January 31, 2024, the Court screened Mr. Hale's complaint pursuant to 28 U.S.C. § 1915A, allowing Eighth Amendment claims to proceed against Sgt. Nash and Ofc. Gilbert based on allegations that they used excessive force while attempting to restrain Mr. Hale on October 11, 2023 at New Castle Correctional Facility ("New Castle"). Dkt. 13. After denying Mr. Hale's improperly filed amended complaint and directing Mr. Hale to renew his motion to amend, the Court screened Mr. Hale's amended complaint on July 28, 2025. Dkt. 115. The Court allowed Eighth Amendment excessive force claims to proceed against Sgt. Nash and Ofc. Gilbert as well as new Defendants Ofc. Evan Brown and Ofc. Thomas based on the same October 11 incident. *Id.* The Court also allowed an Eighth Amendment deliberate indifference to medical needs claim to proceed against Nurse Holly Denham based on allegations that she delayed treating Mr. Hale after

1

the October 11 incident. *Id.*[1] The Defendants, except for Ofc. Brown,[2] have now moved for summary judgment on the issue of exhaustion. Dkts. 203, 209. Mr. Hale responded to both motions.[3] For the reasons explained below, the Court **GRANTS** both motions, dkts. [203], [209], and notifies Mr. Hale of its intent to grant summary judgment to Ofc. Brown pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

Additionally, the Court **GRANTS** Mr. Hale's motions, dkt. [207], [233], to the limited extent that the Court construes them as responses to the Defendants' motions for summary judgment.

**I.**
**Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A

---

[1] The Defendant identified as "Holly Denman" has represented that the correct spelling of her name is "Holly Denham." *See* dkt. 204 at 1. The **clerk is directed** to update the spelling of the Defendant's name on the docket.

[2] Ofc. Evan Brown was served by the U.S. Marshals on December 5, 2025. He has not answered the amended complaint or otherwise appeared in this case. *See* dkt. 246.

[3] Mr. Hale's responses to the motions for summary judgment were filed pro se. Dkts. 207, 233, 223, 244. The Court has since recruited counsel for Mr. Hale because he had significant issues receiving his legal mail at Westville Correctional Facility. During a telephonic status conference on June 15, 2026, with recruited counsel, the parties agreed that the motions for summary judgment were fully briefed and ready for resolution. *See* dkt. 261.

court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Hale was incarcerated at New Castle, where he was subject to the Indiana Department of Correction's ("IDOC") Offender Grievance Process. Dkt. 211-1 ¶¶ 4–5 (Rutledge Affidavit).

### A. Offender Grievance Process

The IDOC has a standardized offender grievance policy which was in place during the alleged excessive force incident on October 11, 2023. *Id.*

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process ("OGP") is the policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies using that procedure. *Id.* ¶ 4; dkt. 211-2 (IDOC Policy). During the relevant period, the OGP consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions within 10 business days of the grieved incident; (2)

submitting a written appeal to the facility Warden/designee within 5 business days after receiving the response; and (3) submitting a written appeal to the IDOC Grievance Manager within 5 business days after receiving the response to the appeal. *Id*. ¶¶ 5–6; dkt. 211-2 at 9–14.

Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. Dkt. 211-1 ¶ 6. The incarcerated individual must use the requisite form for each step of the OGP. Dkt. 204-2 ¶ 9 (Rutledge Affidavit). The IDOC mandates that each grievance "shall relate to only one event or issue." Dkt. 211-2 at 9. If the incarcerated individual does not receive a receipt from the grievance specialist, he shall notify the grievance specialist within 10 business days. *Id.* at 9. If the incarcerated individual does not receive a response to his grievance within 20 days, he may appeal as though the grievance had been denied. *Id.* at 12.

### B. Plaintiff's Participation in the Grievance Process

The Grievance Coordinator at New Castle, Melissa Rutledge, is the custodian of offender grievance records and is responsible for logging offender grievances and responses into the Delta System to track the grievances. Dkt. 211-1 ¶¶ 7–8. Upon searching her records and the Delta System, Ms. Rutledge did not find any grievances within the appropriate time frame concerning Mr. Hale's allegations against Sgt. Gilbert, Ofc. Nash, Ofc. Thomas, or Nurse Denham. *Id.* ¶ 11; dkt. 204-2 ¶ 13; *see also* dkt. 211-3 (Hale Grievance History) (reflecting no grievances were filed against staff or medical personnel in October 2023).

On September 12, 2023, Mr. Hale submitted Grievance No. 23-162183 stating that a nonparty Nurse Practitioner named Teah ordered X-Rays of his back on August 25, 2023, but he had yet to receive a follow up. Dkt. 238-3 at 1. (Grievance No. 23-162183). Mr. Hale complained of excessive pain and asked to be scheduled to see the doctor. *Id.* Ms. Rutledge responded to the grievance on November 7, 2023, informing Mr. Hale that he was seen by a medical provider on

4

September 5 and September 20 and that his X-Rays were normal. *Id.* at 5. Mr. Hale appealed the grievance response on November 8, 2023, by checking the "disagree" box. *Id.* He wrote on the appeal form,

> After I was injured on 8-14-23 Nurse Denmann refused to triage me for my injuries, she did not process any of my healthcare request. I was forced to crawl for 24 days in my cell trying to get my trays, use the bathroom. I wasn't issued a walker until 9-6-23. Nurse Denman and NP Teah clearly neglected me I still need [indecipherable] and wheelchair now and I do not have one. I can't walk [indecipherable].

*Id.* at 6 (as written).

The warden's designee responded on November 20, 2023 that "the facility can offer no relief in regard to medical issues/concerns – you must work with Centurion Health to address these issues or take the next step in the process." *Id.* There is no record that Mr. Hale appealed the warden's designee response. Mr. Hale argues that he did not receive the warden designee's response while he was housed in segregation. Dkt. 244 at 3.

Mr. Hale claims in a sworn statement that he filed a grievance against Nurse Denham on October 19, 2023 related to the October 11, 2023 incident by placing it in his door in segregated housing so that correctional officers could place it in the mailbag. Dkt. 223-1 at 8. On November 22, 2023, Mr. Hale submitted a "follow-up grievance" after not receiving a response to his initial grievance. *Id.* He did not receive a response. *Id.* Mr. Hale designated as evidence an unverified handwritten letter to Ms. Rutledge, dated January 22, 2024, which complains that she has not responded to his grievances related to the August 14 and October 11 excessive force incidents and the delay in medical care. *See* dkt. 223-1 at 1–5; dkt. 20.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to

5

all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…"). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Hale] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross*, 578 U.S. at 642 (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted).

In this case, the Defendants have met their burden of proving that Mr. Hale "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. There is no evidence in the record demonstrating that Mr. Hale exhausted his administrative remedies in the place and at

the times required by the OGP. First, as the Defendants point out, Mr. Hale's complaint about Nurse Denham in his appeal to Grievance No. 23-162183 on November 8, 2023, does not comply with the requirement that each grievance relate to a single incident. *See* dkt. 211-3 at 9. Furthermore, the grievance complains about Nurse Denham's medical treatment following the August 14 incident, not the October 11 incident at issue in this case. Therefore, as Mr. Hale recognizes, this grievance is irrelevant. *See* dkt. 244 at 1.

Second, Mr. Hale's testimony about sending a grievance related to Nurse Denham's delay in medical treatment following the October 11 incident on October 19 does not create a material dispute of fact to survive summary judgment.[4] For one, Mr. Hale did not follow the OGP's instructions after he did not receive a receipt from Ms. Rutledge. The OGP requires incarcerated individuals to notify the grievance specialist if they have not received a receipt or a rejection within 10 business days. Dkt. 211-2 at 9. Therefore, Mr. Hale's January 22, 2024 letter to Ms. Rutledge is untimely. Furthermore, Mr. Hale's "follow up" grievance from November 22 does not follow the OGP. *See* dkt. 223-1 at 8. It is untimely when construed as a notice to Ms. Rutledge that she had not sent a receipt for his October 19 grievance because Mr. Hale sent it more than 10 business days later. It is also untimely if construed as an appeal because Mr. Hale sent it more than 20 business days later. Additionally, Mr. Hale does not represent that he submitted the "follow up" on an appeal form or that he appealed to the final level after not receiving a response to the November 22 appeal. As such, assuming that Mr. Hale did submit grievances on October 19 and November 22, he has still not shown that he complied with the OGP to properly exhaust his administrative remedies before filing this lawsuit.

---

[4] Mr. Hale did not testify that he submitted grievances against any of the correctional officers related to their use of excessive force. His letter to Ms. Rutledge does, however, claim that he submitted grievances related to both Nurse Denham's denial of medical care and the officers' use of force. *See* dkt. 223-1 at 5.

Mr. Hale generally argues that his letter to Ms. Rutledge shows that the grievance process was unavailable to him during the relevant time. But he has not supported this assertion with admissible evidence showing that he attempted to grieve the October 11 incident according to the OGP. Instead, Hale's evidence demonstrates that he did not follow the proper procedure for notifying Ms. Rutledge about not receiving receipts for the grievances he sent on October 19. His evidence also demonstrates that he did not follow the procedure for appealing the grievances. Importantly, Mr. Hale has not contested the Defendants' representation that he was aware of the OGP, and his grievance history shows that he has successfully exhausted his grievances in several matters both before and since the October 11 incident. *See* dkt. 211-3.

Mr. Hale also argues that Nurse Denham improperly raised the affirmative defense of exhaustion because he had already responded to the affirmative defense on November 24, 2025. *See* dkt. 207 (citing dkt. 176). Mr. Hale is incorrect. By raising the affirmative defense of exhaustion in her answer to Mr. Hale's amended complaint, Nurse Denham reserved her ability to file a motion for summary judgment on that issue. Following a telephonic status conference with Mr. Hale and the Defendants, the Court set a deadline of March 23, 2026 for dispositive motions, which was later extended to April 20. Dkt. 185; dkt. 200. Nurse Denham filed a motion for summary judgment by the deadline. Therefore, her motion is properly before the Court.

In short, Mr. Hale did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against moving Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

Mr. Hale's motions, dkt. [207], [233], are **GRANTED** to the limited extent that the Court construes them as responses to the Defendants' motions for summary judgment.

For the above reasons, Nurse Denham's motion for summary judgment, dkt. [203], is **GRANTED**. Sgt. Gilbert, Ofc. Nash, and Ofc. Thomas's motion for summary judgment, dkt. [209], is **GRANTED.** Mr. Hale's claims against Nurse Denham, Sgt. Gilbert, Ofc. Nash, and Ofc. Thomas are **dismissed without prejudice**.

Ofc. Brown has not moved for summary judgment. Nevertheless, upon reviewing the evidence in the record related to the other correctional officers who were allegedly involved in the same October 11 incident, the Court notifies Mr. Hale that it intends to grant summary judgment for Ofc. Brown on the issue of exhaustion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Mr. Hale has **through July 24, 2026,** to show cause why summary judgment should not be granted for Ofc. Brown.

The **clerk is directed** to update the spelling of the Defendant identified as Holly Denman to "Holly Denham" on the docket.

Partial final judgment shall not issue at this time.

**IT IS SO ORDERED.**

Date:    6/25/2026

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

9

Distribution:

MICHAEL HALE
884687
WESTVILLE – CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All ECF-registered attorneys of record via email