UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02226-SEB-TAB |
| | ) | |
| NASH, | ) | |
| GILBERT, | ) | |
| BROWN, | ) | |
| THOMAS, | ) | |
| HOLLY DENHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On June 25, 2026, the Court granted Defendants Nurse Holly Denham, Ofc. Nash, Ofc. Gilbert, and Ofc. Thomas's motions for summary judgment on the issue of administrative exhaustion and ordered the Plaintiff, Michael Hale, to show cause why judgment should not be entered in favor of the nonmoving Defendant, Ofc. Evan Brown, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Dkt. 263. Since then, Mr. Hale has filed a pro se motion for reconsideration and his counsel has filed a response to the Court's order. Dkts. 263, 264. The Court **DENIES** Mr. Hale's pro se motion, dkt. [263], since he is now represented by recruited counsel. After carefully considering Mr. Hale's response to the Court's order to show cause, dkt. 264, the Court **GRANTS** summary judgment to Ofc. Brown on the issue of exhaustion, dismisses Mr. Hale's claims without prejudice, and directs the entry of final judgment in this matter.

Mr. Hale argues that the Court should not grant summary judgment to Ofc. Brown because he waived the affirmative defense of exhaustion by not answering the amended complaint after being served with a summons and a copy of the complaint on December 5, 2025. Dkt. 264 at 2–3;

1

*see* dkt. 246. Mr. Hale is correct that Federal Rule of Civil Procedure 8(c) requires defendants to raise affirmative defenses in responsive pleadings. Moreover, although exhaustion is a statutory requirement, the Supreme Court held that the Prison Litigation Reform Act ("PLRA")'s exhaustion requirement is a standard affirmative defense that is not jurisdictional. *Perttu v. Richards*, 605 U.S. 460, 469 (2025). Plaintiffs do not have the burden of pleading that they exhausted their administrative remedies in their complaints. *Id.* And, defendants have the burden of establishing that the plaintiff failed to exhaust available administrative remedies before filing the lawsuit. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Here, however, the Court is not dismissing a complaint for failing to plead exhaustion. After reviewing the entire record submitted by both parties and providing Mr. Hale with notice and an opportunity to respond, the Court is granting summary judgment for a nonmoving party. Rule 56(f) provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant; grant the motion on grounds not raised by a party; or consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute." Fed. R. Civ. P. 56(f). The rule restates a longstanding practice recognized in *Celotex Corp. v. Catrett* that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all her evidence." 477 U.S. 317, 326 (1986); *see* Fed. R. Civ. P. 56 cmt. to 2010 Amendments. The purpose of the rule is to prevent the court "from proceeding with trials that it can readily see are unnecessary." *Nat'l Exh. Bank and Trust v. Petro Chem. Sys., Inc.*, 2013 WL 1858621 at * 1 (E.D. Wis. May 1, 2013).

Citing Rule 56(f), courts within the Seventh Circuit have granted summary judgment on the issue of exhaustion to nonmovants who have not been served or who have not answered the

2

complaint when the record clearly shows that the plaintiff has not exhausted available remedies against any defendant as is required by the PLRA. *Cross v. Aguinaldo*, 2021 WL 1208970, at *2 (N.D. Ill. Mar. 31, 2021) (granting summary judgment to nonmoving defendants "[b]ecause the summary judgment motion is based on failure to exhaust, an issue that pertains to all Defendants[.]"); *Wallace v. Baldwin*, 2021 WL 916747, at *2 (S.D. Ill. Mar. 10, 2021),aff'd in part, rev'd in part on other grounds, 55 F.4th 535 (7th Cir. 2022) (granting summary judgment to non-movant who had not appeared in the case because the moving defendants' arguments applied "with equal force" to the claims against the defendant); *Simpson v. United States*, 2018 WL 1468810, at *4 (S.D. Ill. Feb. 16, 2018), report and recommendation adopted, 2018 WL 1455869 (S.D. Ill. Mar. 23, 2018) (granting summary judgment to John Doe for failure to exhaust administrative remedies); *Hollsten v. Toddish*, 2026 WL 207282, at *12 (E.D. Wis. Jan. 27, 2026) (granting summary judgment to nonmoving defendant and John Doe on the issue of exhaustion).

As in the above cited cases, the record here establishes that Mr. Hale did not exhaust his administrative remedies as to any cause of action in this lawsuit before filing the lawsuit. "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies before filing suit . . . [and] premature lawsuit[s] must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting administrative remedies. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). Therefore, after having provided notice and an opportunity to respond, the Court **GRANTS** summary judgment to nonmovant Ofc. Brown on the issue of exhaustion. Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: _____ 7/30/2026 _____        _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

MICHAEL HALE
884687
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

EVAN BROWN
Restricted Address at Docket 154

All ECF-registered counsel of record via email